The People ex rel. John Y. Thorp et al.

v.

Board of Trustees of Town of Normal.

Opinion filed December 22, 1897.

1. Constitutional law—*purpose of section 22 of article 3 of the constitution, concerning special legislation.* By section 22 of article 3 of the constitution, which provides that the General Assembly shall not pass local or special laws incorporating cities, towns or villages or changing or amending the charter of any city, town or village, it was designed that no city, town or village should thereafter become incorporated, or have its charter changed or amended, except by general law.

2. Same—*legislature cannot pass laws creating or perpetuating dissimilarity of organization in municipalities of same class.* It is not admissible, either by the letter or the spirit of the constitution, that dissimilarity in character of organization or powers between municipalities of the same class or grade shall be created or perpetuated by enactments of the legislature.

3. Same—*classification of municipalities based on existing difference of charters is unconstitutional.* An act which attempts to put certain special charter municipalities into a class by themselves, basing such classification, not upon any rule for classifying municipalities or any circumstance affecting them differently from other municipalities in the State, but merely upon a different provision in their charters from those of other municipalities and a preference of the electors for such provision, is unconstitutional.

4. Same—*act of 1897, authorizing special charter cities to organize under general law and retain provision of charter, is unconstitutional.* The act of 1897, (Laws of 1897, p. 99,) which authorizes municipalities existing under special charters containing a special prohibitory license clause to re-organize under the general law for the incorporation of cities, towns and villages and still retain such special prohibitory clause, is unconstitutional.

Original petition for *mandamus.*

B. H. McCann, Thomas F. Tipton, and Thomas W. Tipton, for relators:

A statute is not local or special merely because it applies to conditions which exist in only one place. It is enough that it applies to those conditions in whatever

place they may arise. *Park Comrs.* v. *McMullen,* 134 Ill. 170; *Trausch* v. *Cook County,* 147 id. 534.

Whenever an act of the legislature can be construed and applied so as to avoid a conflict with the constitution and give it the force of law, such construction will be given. *Gaines* v. *Williams,* 146 Ill. 454.

Every presumption is in favor of the validity of a statute, and every reasonable doubt will be resolved to sustain it. *People* v. *Nelson,* 133 Ill. 565; *Wunderle* v. *Wunderle,* 144 id. 40; *Gaines* v. *Williams,* 146 id. 450; *Railroad Co.* v. *Smith,* 62 id. 268; *Timm* v. *Harrison,* 109 id. 593; *People* v. *Hazelwood,* 116 id. 319; *McGurn* v. *Board of Education,* 133 id. 122; *Field* v. *People,* 2 Scam. 79; *Lane* v. *Dorman,* 3 id. 239; *People* v. *Marshall,* 1 Gilm. 672; *People* v. *Reynolds,* 5 id. 1.

The party who wishes to pronounce a law unconstitutional takes upon himself the burden of proving, beyond a reasonable doubt, that it is so. *Gaines* v. *Williams,* 146 Ill. 450.

A law may be general and yet be operative in a single place where the conditions necessary to its operation exist. *People* v. *Hoffman,* 116 Ill. 587; *People* v. *Cregier,* 138 id. 405; *Trausch* v. *Cook County,* 147 id. 536; *Park Comrs.* v. *McMullen,* 134 id. 170.

ROBERT L. FLEMING, (J. H. ROWELL, of counsel,) for defendants.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The town of Normal was incorporated by an act of the legislature approved February 25, 1867. The relators, on August 18, 1897, presented to the defendants, the president and board of trustees of said town, a petition, signed by one hundred and three residents and legal voters of the town, asking for a submission to the electors, at a special election, of the question whether the town should become incorporated under the general act for the incor-

poration of cities and villages, in force July 1, 1872, retaining its prohibitory license clause, as provided by an act of the legislature in force July 1, 1897. The defendants refused to call the election, and relators filed the petition in this case to compel them to do so. The cause has been submitted on a stipulation of the defendants that the statements of fact in the petition are true.

The act under which relators claim the right to have the election called is as follows:

"An act providing that cities, villages and incorporated towns now under special charters having a special prohibitory license clause therein, may re-organize under the general law and retain such prohibitory license clause by making the same a public act by a majority vote at the election for such re-organization.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That any city, village or incorporated town in this State now existing under or by virtue of any special charter having a special prohibitory license clause therein, desiring to re-organize under the general law, being 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, in such cases made and provided, and not wishing to relinquish such prohibitory license clause, may do so by making the same a public act by a majority vote at the election for such re-organization.

"Sec. 2. The ballots to be used at such election shall be in the following form: 'For city organization under general law by retaining prohibitory clause,' or 'Against city organization under general law by retaining prohibitory clause.' The judges of such election shall make returns and cause the result of such election to be entered upon the records of such city. If a majority of the votes cast at such election shall be for city organization under general law by retaining prohibitory clause, such city shall thenceforth be deemed to be organized under the

general law and such prohibitory clause shall thereby be declared a public act, and shall have the same force and effect as if made a part of said general law; and all acts or parts of acts in the general law in conflict with the same shall be of no force and effect."

Many puzzling questions at once present themselves as to what the legislature could have meant by the provisions of this act. Among these questions is the meaning of the phrase "a special prohibitory license clause." There is no allusion to the liquor traffic, and if a special prohibition against granting licenses was meant, the language refers equally to all the other things and occupations which any city, town or village may have been authorized to license or prohibit. Counsel for relators say that the provision relates to a prohibition against issuing licenses for the particular business of selling liquor. If their interpretation is accepted there is a serious question whether the town of Normal comes within the provision. Its charter provides that the town council shall not grant licenses, generally, for the sale of liquor, but may grant such licenses to two discreet persons to sell liquors for specified purposes. The granting of licenses for the sale of liquor is not prohibited absolutely, but the power is merely limited and regulated. Counsel on both sides, however, desire a decision upon the constitutionality of the act, on the assumption that it applies to the town of Normal and that it is sufficiently definite in its meaning and provisions to be enforced, and as such a decision will dispose of the case we comply with the request.

Section 22 of article 3 of the constitution provides that the General Assembly shall not pass local or special laws incorporating cities, towns or villages, or changing or amending the charter of any town, city or village. In the case of *People* v. *Cooper*, 83 Ill. 585, it was said concerning this provision (p. 590): "It was designed that no city, town or village should thereafter become incorporated, or have its charter changed or amended, except by vir-

tue of a general law.   *  *  *   It follows that all cities,
all towns or all villages becoming incorporated, and
all cities, all towns or all villages having their charters
changed or amended, must, to the extent of such change
or amendment, be brought under the same law.   It is not
admissible, either by the letter or the spirit of the con-
stitution, that dissimilarity in character of organization
or powers, in municipalities of the same class or grade,
shall be created or perpetuated by enactments of the Gen-
eral Assembly." Again, in *Devine* v. *Commissioners of Cook
County*, 84 Ill. 590, in speaking of a claim that a statute
general in its terms but applicable to only one county was
a general law, the court said (p. 593): "That construction,
if once adopted, might with equal propriety be extended
so as to warrant a classification of other municipalities,
as cities, towns and villages, and the evils of class or spe-
cial legislation that existed under the former constitution
would be revived, only in a modified degree."

Prior to the adoption of this constitution the cities,
towns and villages of the State were incorporated under
special charters granted by the legislature.  Most of them
have been brought under the general law of 1872, but a
few still retain their special charters, and among the lat-
ter those whose charters contain any provision that could
be construed as coming within the provisions of this act
are still less in number.   The act attempts to put those
corporations having such a provision in a class by them-
selves, not based upon any rule for classifying municipali-
ties, or any circumstance affecting them differently from
other cities, villages or towns in the State, but based
merely upon an existing difference in their charters from
those of other cities, villages and towns, and a preference
of the electors for such different charter with different
powers from those given to other like corporations.
There is no other test proposed by the law except "not
wishing to relinquish such prohibitory license clause,"
and a vote expressing such wish.   Upon the will of the

electors upon that question being expressed at an election, the act provides that whatever provision may be contained in the special charter shall thereby be declared and made a public enactment of the General Assembly, and that all acts or parts of acts in the general law in conflict with the same shall be of no force or effect. It is intended by the act that such municipality shall then be organized with a charter different from others of the same grade. The provisions of special charters are as diverse as the opinions and wishes of those who procured them, and this act does not even require or contemplate uniformity among the cities, towns or villages which are attempted to be specially legislated for, but the provisions of the special charters, however different they may be, are to become parts of the new charters attempted to be created. If the legislature may do that as to the subject of licenses or the sale of liquor, there is no provision of any special charter which it may not authorize to be retained under the general law, and thus perpetuate the dissimilarity in character of organization and powers in municipalities of the same class or grade, which this court has said could not be done.

We regard the act as unconstitutional, and no case that has been referred to by counsel for relators conflicts with this view. It is within the power of the legislature to enact laws uniform in their operation upon all those who come within the relations and circumstances for which they provide, but this act is not of that character. The prohibition of the constitution does not apply to the adoption of ordinances by cities, villages or towns, but it prohibits the General Assembly from passing special laws of this kind.

The writ of *mandamus* will be denied.

*Mandamus denied.*